**GERSTEIN GRAYSON COHEN & MELLETZ, LLP**
Paul R. Melletz, Esquire – Atty. I.D. #216151963
Michael J. Collis, Esquire – Atty. I.D. #248682017
1288 Route 73 South, Suite 301
Mt. Laurel, NJ 08054
Tel.: (856) 795-6700
Fax: (856) 354-0020
Attorneys for Plaintiff

**THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **QAWEE ALI f/k/a ASHLEY VANCLEVE** | Civil Action No. |
| Plaintiff, | |
| v. | |
| **MONMOUTH COUNTY CORRECTIONAL INSTITUTION; SHERIFF SHAUN E. GOLDEN; LIEUTENANT RICHARD VILACOBA; NURSE PRACTITIONER DANIEL DUNACHUKWU; KABEERUDDIN S. HASHMI, M.D.; JOHN DOES 1-10; and JANE DOES 1-10** | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Qawee Ali, presently housed at the Monmouth County Correctional Institution at 1 Waterworks Road, Freehold, New Jersey 07728 hereby avers the following:

**PRELIMINARY STATEMENT**

1. This case stems from the ongoing medical neglect and negligent medical treatment of Plaintiff Qawee Ali at the Monmouth County Correctional Institution. As a result of

such deliberate indifference to the medical needs of Plaintiff and the ongoing violations to his civil rights, he has been caused to experience permanent injuries.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over claims arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331.

3. Supplemental jurisdiction over Plaintiff's state claims exists pursuant to 28. U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) on the grounds that the events leading to the violations of law described herein occurred in this District.

5. There is an actual controversy between Plaintiff and Defendants within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202 and Federal Rules of Civil Procedure 57.

6. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and the Eighth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1343 and the aforesaid Statutory and Constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decided claims arising under state law.

## PARTIES

7. Plaintiff is an adult presently housed at the Monmouth County Correctional Institution at 1 Waterworks Road, Freehold, New Jersey 07728. He is a citizen of the State of New Jersey and the United States of America.

8. Defendant Monmouth County Correctional Institution is a state correctional facility in the State of New Jersey with an address of 1 Waterworks Road, Freehold, New Jersey 07728.

9. Defendant Lieutenant Richard Vilacoba is employed at the Monmouth County Correctional Institution and was so employed during the events that are the subject of this lawsuit. Defendant Vilacoba is amenable to service at 1 Waterworks Road, Freehold, New Jersey 07728. At all relevant times, he acted under color of state law pursuant to the statutes, ordinances, regulations, policies, and customs of the County of Monmouth and the State of New Jersey. Defendant Vilacoba is sued in his official and individual capacities.

10. Defendant Sheriff Shaun E. Golden is employed at the Monmouth County Correctional Institution and was so employed during the events that are the subject of this lawsuit and is amenable to service at 1 Waterworks Road, Freehold, New Jersey 07728. Defendant Golden acted under color of state law pursuant to the statutes, ordinances, regulations, policies, customs of the County of Monmouth and the State of New Jersey. Defendant Golden is sued in his official and individual capacities.

11. Defendant Nurse Practitioner Daniel Dunachukwu specializes in Correctional Healthcare and was employed at the Monmouth County Correctional Institution during the events that are the subject of this lawsuit. Nurse Practitioner Daniel Dunachukwu is amenable to suit at 1 Waterworks Road, Freehold, New Jersey 07728.

12. Defendant Kabeeruddin S. Hashmi, M.D. specializes in Correctional Healthcare and was employed at the Monmouth County Correctional Institution during the events that are the subject of this lawsuit. Dr. Hashmi is amenable to suit at 1 Waterworks Road, Freehold, New Jersey 07728.

13. Defendant Does were, all times material hereto, employees and/or correctional officers of Defendant Monmouth County Correctional Facility. As such, they are amenable to suit at 1 Waterworks Road, Freehold, New Jersey 07728, in taking part in the deliberate indifference to the medical needs of Plaintiff and the ongoing violations to his civil rights.

## FACTUAL ALLEGATIONS

A. <u>Shoes</u>

14. Plaintiff repeats and incorporates the foregoing thirteen (13) paragraph as if the same were fully set forth at length herein.

15. During all relevant time herein, Plaintiff was and still is housed at Monmouth County Correctional Institution.

16. Prior to these incidents, Plaintiff severely injured his foot when a weight was dropped on it, requiring nerve surgery.

17. As a consequence, Plaintiff requires medical extra-wide therapeutic shoes.

18. Defendant Lieutenant Richard Vilacoba did not allow Plaintiff to wear this special footwear.

19. Defendant Kabeeruddin S. Hashmi, M.D. who was treating Plaintiff, did not allow Plaintiff to wear this special footwear.

20. Defendant Nurse Practitioner Daniel Dunachukwu, who was treating Plaintiff, did not allow Plaintiff to wear his special footwear.

21. Plaintiff saw a podiatrist who recommended Plaintiff be offered this special footwear.

22. Defendant Lieutenant Richard Vilacoba, Defendant Kabeeruddin S. Hashmi, M.D. and Defendant Nurse Practitioner Daniel Dunachukwu still refused Plaintiff this special footwear.

23. Defendant Lieutenant Richard Vilacoba and Defendant Kabeeruddin S. Hashmi, M.D. went as far as to cross out portions of the podiatrist's order, specifically the recommendation for special footwear.

24. Plaintiff's family attempted to give Plaintiff this special footwear while he was incarcerated and Defendant Lieutenant Richard Vilacoba denied Plaintiff access to the footwear.

25. Part of the podiatrist's order was for a mold of Plaintiff's foot to be created to give Plaintiff the proper footwear.

26. To date, Defendant Kabeeruddin S. Hashmi, M.D. and Defendant Nurse Practitioner Daniel Dunachukwu have never made this mold.

27. Inadequate footwear was provided to Plaintiff instead.

28. As a result of this inadequate footwear, plaintiff has suffered injury to his foot including but not limited to fungal infections and extreme pain and discomfort.

B. <u>Privacy</u>

29. Defendant Lieutenant Richard Vilacoba viewed Plaintiff's medical records from the podiatrist.

30. Defendant Lieutenant Richard Vilacoba proceeded to put his name on Plaintiff's medical records.

31. Defendant Lieutenant Richard Vilacoba subsequently shared Plaintiff's private medical information with employees and other inmates in Monmouth County Correctional Institution.

C.  Name Change

32. Prior to being sentenced to Monmouth County Correctional Institution, Plaintiff legally changed his name from Ashley Vancleve to Qawee Ali, for religious purposes.

33. To date, Monmouth County Correctional Institution and its employees continue to recognize and call Plaintiff by his former name.

34. To date, Plaintiff's records contained at Monmouth County Correctional Institution have not been updated to reflect Plaintiff's name change.

## COUNT ONE
### Against all Defendants
### Actionable Pursuant to 42 U.S.C. § 1983

35. Plaintiff repeats and incorporates the foregoing thirty-four (34) paragraphs as if the same were fully set at length herein.

36. The foregoing actions were carried out by the Defendants under color of law.

37. The foregoing actions deprived Plaintiff of rights guaranteed to him under the Federal Law of the Unites State of America, namely the right to adequate medical care and right to be free from cruel and unusual punishment provided by the Eighth Amendment.

38. The conduct of the Defendants violated the provisions of 42 U.S.C. § 1983.

39. As a direct and proximate result of the actions and conduct of the individual Defendants set forth above, the Plaintiff suffered a significant loss of liberty, sustained serious physical injuries, psychological and/or emotional distress, and economic harm.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants, jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## COUNT TWO

### Malpractice Based on Provider's Breach of Legal Professional Duty to Patient

**(As to Defendants Monmouth County Correctional Institution, Kabeeruddin S. Hashmi, M.D., and Nurse Practitioner Daniel Dunachukwu)**

40. Plaintiff repeats and incorporates the foregoing thirty-nine (39) paragraphs as if the same were fully set at length herein.

41. The foregoing actions were carried out by the above-named Defendants under their professional capacities while employed at Monmouth County Correctional Institution.

42. The above-named Defendants were negligent in failing to provide Plaintiff with adequate footwear.

43. Defendants Kabeeruddin S. Hashmi, M.D. and Nurse Practitioner Daniel Dunachukwu were employed by Monmouth County Correctional Institution at the time.

44. As a direct and proximate result of the actions and conduct of the individual Defendants set forth above, the Plaintiff sustained serious physical injuries, psychological and/or emotional distress, and economic harm.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants Monmouth County Correctional Institution, Kabeeruddin S. Hashmi, M.D., and Nurse Practitioner Daniel Dunachukwu , jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## COUNT THREE

### Medical Malpractice

**(As to Defendants Monmouth County Correctional Institution, Kabeeruddin S. Hashmi, M.D., and Nurse Practitioner Daniel Dunachukwu)**

45. Plaintiff repeats and incorporates the foregoing forty-four (44) paragraphs as if the same were fully set at length herein.

46. The foregoing actions were carried out by the above-named Defendants under their professional capacities while employed at Monmouth County Correctional Institution.

47. The above-named Defendants were negligent in failing to provide Plaintiff with adequate footwear.

48. Defendants Kabeeruddin S. Hashmi, M.D. and Nurse Practitioner Daniel Dunachukwu were employed by Monmouth County Correctional Institution at the time.

49. As a direct and proximate result of the actions and conduct of the individual Defendants set forth above, the Plaintiff sustained serious physical injuries, psychological and/or emotional distress, and economic harm.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants Monmouth County Correctional Institution, Kabeeruddin S. Hashmi, M.D., and Nurse Practitioner Daniel Dunachukwu , jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## COUNT FOUR
### Violation of Right to Privacy
### (As to Defendants Monmouth County Correctional Institution and Lieutenant Richard Vilacoba)

50. Plaintiff repeats and incorporates the foregoing forty-nine (49) paragraphs as if the same were fully set at length herein.

51. Defendant Lieutenant Richard Vilacoba was provided unauthorized access to Plaintiff's medical records, and modified same records.

52. Defendant Lieutenant Richard Vilacoba, without Plaintiff's knowledge or consent, willfully, maliciously, and wrongfully transmitted Plaintiff's medical records to Monmouth County Correctional Institution employees and/or inmates.

53.     At the time Defendant Lieutenant Richard Vilacoba knew the information was Plaintiff's private medical records.

54.     The action of Defendant Lieutenant Richard Vilacoba in releasing said information constituted an invasion of privacy of Plaintiff and an abuse of authority, causing Plaintiff severe physical, mental, and emotional distress.

55.     At all relevant times, Defendant Lieutenant Richard Vilacoba was an employee of Monmouth County Correctional Institution.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants Monmouth County Correctional Institution and Lieutenant Richard Vilacoba, jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## COUNT FIVE
### Intentional and/or Negligent Infliction of Emotional Distress
### (As to Defendants Monmouth County Correctional Institution, Lieutenant Richard Vilacoba, and John and Jane Does 1-10)

56.     Plaintiff repeats and incorporates the foregoing fifty-five (55) paragraphs as if the same were fully set at length herein.

57.     Defendants Lieutenant Richard Vilacoba and John and Jane Does 1-10, employees of Monmouth County Correctional Institution, refuse to call Plaintiff by his changed name and intentionally use Plaintiff's former name, despite Defendants having received information regarding Plaintiff's name change.

58.     Defendants' conduct is extreme and outrageous beyond the bounds of moral decency, and no reasonable person could be expected to endure it.

59. As a result of Defendants' intentional and/or negligent extreme and outrageous conduct, Plaintiff has suffered sever emotional distress.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants, Monmouth County Correctional Institution, Lieutenant Richard Vilacoba, and John and Jane Does 1-10 jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## COUNT SIX
### Discrimination
**(As to Defendants Monmouth County Correctional Institution, Lieutenant Richard Vilacoba, and John and Jane Does 1-10)**

1. Plaintiff repeats and incorporates the foregoing fifty-nine (59) paragraphs as if the same were fully set at length herein.

2. Defendants Lieutenant Richard Vilacoba and John and Jane Does 1-10, employees of Monmouth County Correctional Institution, refuse to call Plaintiff by his changed name and intentionally use Plaintiff's former name, despite Defendants having received information regarding Plaintiff's name change.

3. Defendants' have taken action(s) to discriminate against Plaintiff, specifically taking action against Plaintiff because of Plaintiff's race and/or religion.

4. As a result of Defendants' discrimination, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Qawee Ali, demands Judgment against the Defendants, Monmouth County Correctional Institution, Lieutenant Richard Vilacoba, and John and Jane Does 1-10 jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff, Qawee Ali, hereby demands a trial by jury as to all issues herein.

GERSTEIN GRAYSON COHEN & MELLETZ

Dated: December 28, 2018        By: _____
                                    Paul R. Melletz, Esquire